IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RANDIN DIVELBISS,

                              Plaintiff,

    v.                                                          OPINION and ORDER

MADISON PUBLIC LIBRARY STAFF                                 23-cv-330-jdp
and DIRECTOR GREG MICKELLS,

                              Defendants.

---

Plaintiff Randin Divelbiss, appearing pro se, alleges that Madison library staff violated his First Amendment rights by banning him from using library computers. The court has allowed Divelbiss to proceed with the case without prepayment of any portion of the filing fee. Dkt. 4.

The next step is for me to screen Divelbiss's complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915. In doing so, I must accept his allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

Divelbiss's complaint is too vague to state claims for relief. Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." He states that he and his friends were banned from using library computers after an incident at the library. But he doesn't explain what occurred during his incident, what library staff member banned him, or what reasons, if any,

the staff member gave. Divelbiss sues library director Greg Mickells, but he doesn't explain whether or how Mickells was involved in the incident or Divelbiss's ban.

I will dismiss Divelbiss's complaint but I will give him a chance to file an amended complaint fixing these pleading problems. In drafting his amended complaint, Divelbiss should remember to do the following:

- Carefully consider whether he is naming proper defendants and omit defendants who did not personally cause or participate in a violation of his rights.

- Identify all of the individuals who he wishes to sue in the caption of the complaint.

- Describe simply and concisely what actions he believes that each defendant took that violated his rights, using separate, numbered paragraphs. He should state his allegations as if he were telling a story to someone who knows nothing about the events.

- If he does not know the identity of particular defendants, he may label them as John Doe No. 1, John Doe No. 2, and so on. The court has procedures by which he may make discovery requests to identify those defendants later in the case.

If Divelbiss fails to submit an amended complaint by the deadline set below, I will dismiss the case.

ORDER

IT IS ORDERED that:

1.  Plaintiff Randin Divelbiss's complaint, Dkt. 1, is DISMISSED.

2.  Plaintiff may have until June 20, 2023, to submit an amended complaint as directed in the opinion above.

Entered June 2, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge