IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RANDIN DIVELBISS,

                Plaintiff,

v.                                               ORDER

MADISON PUBLIC LIBRARY STAFF                 23-cv-330-jdp
and DIRECTOR GREG MICKELLS,

                Defendants.

---

Plaintiff Randin Divelbiss, appearing pro se, alleges that Madison library staff violated his First Amendment rights by banning him from the library for a year. I dismissed both Divelbiss's original and first amended complaints for violating Federal Rule of Civil Procedure 8. *See* Dkts. 5 and 7. I gave Divelbiss a final chance to submit a complaint that explained the actions that led to his ban or why he believes the ban was unjustified. Dkt. 7.

Divelbiss has responded to my order, Dkt. 8, but his allegations remain quite vague. He now states that he was banned at least in part "for calling the loud reference staff 'loud robots' and that they were speaking at too high of decibels for a quiet library environment." *Id.* at 2. That name calling might be perceived as rude and disruptive, but otherwise that allegation suggests that he was punished for complaining about staff being too loud, which is likely First Amendment-protected speech. But he adds that he gave a five-minute speech that was "recorded as a 'First Amendment audit.'" *Id.* Divelbiss doesn't explain the content of this speech, but it suggests a disruptive performance that staff likely could punish as outside the scope of acceptable discourse in the "limited public forum" of a public library. *See, e.g., England v. Jackson Cnty. Pub. Libr.*, 596 F. Supp. 3d 1164, 1174 (S.D. Ind. 2022).

I've already given Divelbiss two chances to amend his complaint and he continues to provide only vague allegations without more fully explaining what happened during the incident at issue. Ordinarily, when a plaintiff is unable to amend his complaint to state more plainly the basis for his claims, courts are authorized to dismiss the case in its entirety. *Cf. Paul v. Marberry*, 658 F.3d 702, 704–05 (7th Cir. 2011) (court should dismiss case for failure to state a claim upon which relief may be granted after plaintiff fails to correct a pleading that violates Federal Rule of Civil Procedure 8). But in this case, Divelbiss has repeatedly stated that he has attached video footage of the incident or will send the court video footage of the incident. The court has received no such footage. I will give Divelbiss a final chance to either submit an amended complaint discussing in detail what he said or did before staff banned him, or provide the court with the video of the incident so that I can assess it before deciding whether he has stated a plausible First Amendment claim. If Divelbiss fails to take either action, I will dismiss the case for his failure to state a claim upon which relief may be granted.

ORDER

IT IS ORDERED that plaintiff Randin Divelbiss may have until February 14, 2024, to respond to this order as directed in the opinion above.

Entered January 25, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge